## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-CR-380 |
| SONNY SAGGAR, M.D., and RENITA BARRINGER, | ) |
| Defendants. | ) |

### DEFENDANT SAGGAR'S REPLY IN SUPPORT OF MOTION SEEKING PERMISSION TO TRAVEL TO ENGLAND TO SEE HIS 93 YEAR OLD MOTHER

Dr. Saggar simply does not agree with any claim that he is "a substantial flight risk." He is a US citizen. He has lived here since medical school and has been an emergency doctor in the US for 26 years. He was a military contractor for the US Navy assisting with medical management of the Afghan refugees in 2021. While his employment has suffered directly because of the Indictment, he has notified the US Pretrial Services Office that he hopes to begin practicing again in November. He is getting a divorce, but his children were all born in this country and two of the three live here now. The claim regarding a September interview is denied by Dr. Saggar, and more importantly, even were such a statement made, it was a year before he was arrested and learned of the FBI investigation.

Most importantly, the information alleged by the Government that: "when federal law enforcement officers executed a search of his downtown urgent care on July 27, 2023, they found a letter on his desk from the MBHA requiring him to appear for a "closed meeting" in Jefferson City that day—the very same day on which Defendant Saggar was scheduled to fly from Detroit to London," is only half, and a misleading half, of the story. The Government is in communication

with the MBHA, and must certainly know that the "closed meeting" set for July 27, 2023 had previously been continued before July 27, 2023. Any communication with MBHA would have disclosed that in fact the referenced letter was outdated and no longer valid.

Dr. Saggar made his reservation to fly to London on June 29, 2023, a full week **before** the notice for a July 27, 2023 meeting was issued. See, Exhibit 1 and 2. Noteworthy, at that time Dr. Saggar also had a returning flight back to St. Louis. The July 27 hearing date was requested to be continued on July 13, 2023, two weeks before Dr. Saggar knew there was any federal investigation. See, Exhibit 3. The Government must know that the discovery of an outdated letter from MBHA is no indication of a flight risk at all. The Government also has Dr. Saggar's prior travel records which show he has gone to London two or three time each year to see his mother.

Likewise, the Government is incorrect that there were the two bond violations. The first which was only an "Informational Report," involved he and Ms. Barringer at the clinic at the same time and he spoke to her, which was clearly the result of mere confusion as became very evident at the hearing this Court held on the matter. The one violation, traveling to Southern Illinois without Pretrial Services' knowledge and consent, was a mistake which actually shows Dr. Saggar is not a flight risk, because he came back within an hour and before any issue was raised by US Pretrial Services.

The Government does not dispute that notwithstanding a July Indictment, it informed defense counsel that discovery will likely not be completed until the end of December, 2023. Likewise, the Government does not dispute that on Monday, October 23, 2023, defense counsel received four different items seized pursuant to the search warrant executed the day of the Defendants' arrest, July 27, 2023 – in other words, the Government has had these items for four months. The Government also does not dispute that the Government obtained billing records from

Jeff Donaldson, the clinic's billing entity, and still has not turned those over to Defendants. (Though since the filing of Dr. Saggar's original motion, it has said they will be coming soon). But, the Government has had the Donaldson records for at least two months. As we said before, whatever justification may exist for the delay in producing discovery, the delay is unfairly impacting Dr. Saggar. Dr. Saggar is being asked to patiently wait a half a year while being saddled with all the constraints of being on bond with no more than a finding of probable cause.

Similarly, the Government does not dispute that Defendants have a pending motion to dismiss based on the court's lack of jurisdiction because the indictment is in fact a nullity, or that, the Government has filed pleadings opposing Defendants' motion to expedite a hearing on that motion.

Importantly, as anticipated, the Government does not dispute that telling the grand jury that Ms. Barringer was responsible for the billings was completely incorrect. It offers no retort to the reality that it missed the most critical fact related to any claim of false billings, i.e., who was the biller. SLGH had long ago engaged an outside billing service to handle all of its billing, whether to governmental agencies or private insurance companies.

Notwithstanding that it has fully reviewed the records from Mr. Donaldson for multiple weeks, the Government does not dispute that Jeff Donaldson simply misunderstood the proper method of billing APs and Dr. Ali and he, without any bad intent, used an incorrect methodology to create the billings for work done by APs and Dr. Ali. While the Government has not readily acknowledged this flaw in the Indictment, it has not denied it. There can be no doubt that these facts greatly diminish the alleged wrongdoing by both Defendants.

This is an unusual request, but these are unique facts. Arresting an individual based only on probable cause, requesting restrictive bond conditions, then stretching discovery out at least

half a year and opposing an expedited hearing on a motion which might dispose of the case is not fair to any defendant. Defendant submits such is reasonable justification to permit him to travel to England for a short visit with his mother.

As was said before, and another issue not addressed by the Government, Dr. Saggar is willing to do such travel under any conditions the Court deems appropriate, including his sister's willingness to put up property in St. Louis (which she bought for over $1,000,000 and is unincumbered) to ensure his timely return.

Dated: October 31, 2023            Respectfully submitted,

**DOWD BENNETT LLP**


By: */s/ James G. Martin*
James G. Martin  #33586 MO
James B. Martin  #70219 MO
7676 Forsyth Blvd., Suite 1900
St. Louis, MO  63105
314/889-7300 (Telephone)
314/863-2111 (Facsimile)
jmartin@dowdbennett.com

*Attorneys for Defendant Sonny Saggar, M.D.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 31, 2023, a copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

/s/James G. Martin