```
STATE OF MISSOURI  )
                   ) SS
CITY OF ST. LOUIS  )
```

**FILED SEP 1 2 2023**
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(City of St. Louis)**

```
MELISSA DALHOVER,          )
                           )
        Plaintiff,         )
                           )  No. 1722-CC01159
vs.                        )
                           )  Division No. 21
CREVE COEUR URGENT CARE, et)
al.,                       )
                           )
        Defendants.        )
```

<u>JUDGMENT</u>

This matter was tried before a jury on May 9-10, 2023. On May 10, 2023, the jury found in favor of Plaintiff and against Defendant Creve Coeur Urgent Care on Plaintiff's Wage and Hour Law claim and awarded Plaintiff damages in the amount of $4,000.00. The jury additionally found in favor of Plaintiff and against Defendant Downtown Urgent Care on Plaintiff's Wage and Hour Law claim and awarded Plaintiff damages in the amount of $2,000.00. The jury also found in favor of Plaintiff and against Defendant North City Urgent Care on Plaintiff's Wage and Hour Law claim and awarded Plaintiff damages in the amount of $2,000.00. The jury found in favor of Defendants on each of Plaintiff's wrongful discharge claims.


GOVERNMENT EXHIBIT 1

Plaintiff now seeks the entry of a judgment including reasonable attorney fees, statutory liquidated damages, and post-judgment interest.

Under §290.527 RSMo, any employer found liable for violating Missouri's minimum wage law "shall be liable to the employee… for costs and such reasonable attorney fees as may be allowed by the court or jury." Plaintiff is requesting $256,747.80 in attorney fees, based on 493.40 hours of work at various rates per hour, averaging $520.36 per hour, and $1,973.11 in costs.

This Court "is deemed an expert at fashioning an award of attorneys' fees and may do so at its discretion." Western Blue Print Co., LLC v. Roberts, 367 S.W.3d 7, 23 (Mo. banc 2012). The court may, and has, relied on certain factors in determining an award of attorney's fees including 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) amount involved and results obtained; 9) experience, reputation, and ability of the attorneys; 10) undesirability of the case, 11) nature and length of professional relationships with client; and 12) awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983).

[Type here]

The Court has reviewed Plaintiff's Exhibit 10 and finds that 474.2 hours[1], all entries up through the trial, are reasonably related to the prosecution of this matter. The Court further finds that $400 per hour is a reasonable rate for the work the attorneys performed in this case. Taking into consideration the administrative, paralegal, and attorney rates, as well as the hours reasonably spent on the prosecution of the case, the Court calculates fees in the amount of $172,115.00.

However, Plaintiff was not entirely successful in this matter. One important factor in determining reasonable attorney fees is the amount involved or the result obtained. <u>O'Brien v. B.L.C. Ins. Co.</u>, 768 S.W.2d 64, 71 (Mo. banc 1989). Here, Plaintiff only prevailed on her Wage and Hour claims, winning a verdict of only $8,000.00, and did not prevail on her wrongful discharge claims. The statement of billable activity does not specify which line items related to which claims and when asked during argument, counsel for Plaintiff indicated the evidence of the Wage and Hour claims was the overall same as the wrongful discharge claims. The Court disagrees with that proposition. Therefore, the Court finds that Plaintiff is entitled to half of her reasonable attorney fees given she prevailed on half of her claims. The Court does not

---

[1] A review of Exhibit 10 indicates 22.4 hours of administrative work at a rate of $100 per hour, and 72.3 hours of paralegal time spent at a rate of $250 per hour. This leaves 379.5 attorney hours reasonably billed in the prosecution of this matter.
[Type here]

find that a lodestar multiplier appropriate. The Court will therefore award Plaintiff $86,057.50 in attorney fees, to be split evenly among the three defendants, plus costs of $1,973.11, also split among the three defendants.

Plaintiff next argues she should be awarded an additional sum for liquidated damages under §290.527 RSMo. Under §290.527 RSMo, "[a]ny employer who pays any employee less wages than the wages to which the employee is entitled under or by virtue of sections 290.500 to 290.520 shall be liable to the employee affected for the full amount of the wage rate and an additional amount equal to twice the unpaid wages as liquidated damages…." Plaintiff argues that the damages found by the jury should therefore be duplicated as liquidated damages. However, the jury here was not asked to determine the "full amount of the wage rate;" it was instead instructed to "award Plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe plaintiff sustained as a direct result of the occurrences mentioned in the evidence." The Court cannot assume that the damages awarded by the jury were the wage rate, and there was no evidence in the record to support a finding of wage rates of the amounts awarded. Plaintiff has not shown she is entitled to additional statutory damages.

[Type here]

THEREFORE, Judgment is hereby entered in favor of Plaintiff Melissa Dalhover and against Defendant Creve Coeur Urgent Care, LLC, in the amount of $4,000.00 plus $29,343.54 in attorney fees and costs, for a total judgment amount of $33,343.54. Judgment is hereby entered in favor of Plaintiff Melissa Dalhover and against Defendant Downtown Urgent Care, LLC, in the amount of $2,000.00 plus $29,343.54 in attorney fees and costs, for a total judgment amount of $31,343.54. Judgment is hereby entered in favor of Plaintiff Melissa Dalhover and against Defendant North City Urgent Care, LLC, in the amount of $2,000.00 plus $29,343.54 in attorney fees and costs, for a total judgment amount of $31,343.54. Interest to accrue from the date of this Judgment at 9% per annum per §408.040 RSMo.

SO ORDERED:

*M.O. Connolly*

MADELINE O. CONNOLLY, Judge

Dated: 09/12/2023

[Type here]