**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

GOVERNMENT EXHIBIT 2

| | |
|---|---|
| TORIA ANDERSON, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CREVE COEUR URGENT CARE, )<br>LLC, et al., )<br>)<br>Defendants. ) | Case No. 4:16CV2136 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Attorney Fees and Costs [Doc. No. 138]. Defendants oppose the Motion. For the reasons set forth below, Plaintiffs' Motion will be granted in part and denied in part.

## Background

On December 22, 2016, Plaintiffs Toria Anderson and Wendy Medina (collectively, "Plaintiffs") filed a three-count Complaint alleging that Defendants, their former employers, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Count I), violated the overtime provisions of the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.505 (Count II), and committed breach of contract (Count III).

On July 3, 2019, Plaintiffs filed a motion for summary judgment, which this Court granted on September 24, 2019. In its Order, the Court ruled that (1)

Defendants violated the FLSA and MMWL by failing to properly compensate Plaintiffs for overtime hours; (2) Plaintiffs were entitled to liquidated damages on their FLSA claim; and (3) Defendant Sonny Saggar was individually liable for the FLSA violations. Plaintiffs seemingly abandoned Count III in their motion for summary judgment.

Plaintiffs filed their Motion for Relief on October 4, 2019, seeking a total of $57,353.46, specifically $10,394.06 in unpaid overtime wages and $10,394.06 in liquidated damages for Plaintiff Anderson, and $18,282.67 in unpaid overtime wages $18,282.67 in liquidated damages for Plaintiff Medina.

The Court ultimately awarded Plaintiff Anderson a judgment of $328.60 and Plaintiff Medina a judgment of $539.54, for a total award of $868.14.

This matter was set for trial on November 8, 2021. On November 5, 2021, the parties moved to dismiss the remaining claims with prejudice. On November 8, 2021, the Court entered a Final Judgment awarding Plaintiffs actual and liquidated damages for their claim that Defendants failed to include weekend shift differential pay in their calculation of their overtime rates of pay in the amount of $328.60 to Plaintiff Anderson and $539.54 to Plaintiff Medina, for a total award of $868.14, and dismissed Plaintiffs' other claims.

Plaintiff now requests for the Court to order Defendants to pay $210,739.50 in attorneys' fees and $14,488.73 in costs pursuant to the FLSA and MMWL.

Defendant objects to the amounts and requests the Court's award for attorneys' fees and costs be between $1,054.79 and $2,604.42.

## Legal Standard

The FLSA provides that, in addition to a judgment awarded to a plaintiff in an FLSA action, the court shall "allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). Similarly, the MMWL directs that employers found in violation of the law "shall be liable...for costs and such reasonable attorney fees as may be allowed by the court or jury." RSMo § 290.527.

The starting point for determining the amount of reasonable attorneys' fees is the lodestar amount, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court "has great latitude to determine a reasonable hourly rate because it is intimately familiar with its local bar." *Childress v. Fox Assocs.*, LLC, 932 F.3d 1165, 1172 (8th Cir. 2019). The court also "may rely on reconstructed time entries to calculate the hours worked if those entries satisfactorily document the time," but "should exclude 'hours that were not reasonably expended' from its calculations." *Id.*, quoting *Hensley*, 461 U.S. at 434. Other factors the Court may consider include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the

3

legal service properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of professional relationship with client; and (12) awards in similar cases. See *Hensley,* 461 U.S. at 430 n.3. "In sum, the court should calculate the reasonable hourly rate and the reasonable number of hours worked, use these two variables to calculate the lodestar, and, as appropriate, adjust the lodestar to reach the final award." *Burton v. Nilkanth Pizza Inc.,* 20 F.4th 428, 431 (8th Cir. 2021)

## Discussion

**Attorneys' Fees**

Plaintiffs seek attorneys' fees in the amount of $209,490.00 based on a total of 688.2 hours expended on the litigation of the claims against Defendants by Brown, LLC. Plaintiffs also seek attorney's fees for local counsel Engelmeyer & Pezzani, LLC, in the amount of $1,249.50, bringing the total to $210,739.50. The attorneys' fees for Brown, LLC ("the firm") include the following fee expenses:

| Name and Initials of Timekeeper | Position | Rate | Hours | Total Billed |
|---|---|---|---|---|
| Jason Brown ("JTB") | Founder of Brown, LLC | $500.00 | 76.6 | $38,150.00 |
| Nicholas Conlon ("NC") | Associate | $300.00 | 529.8 | $158,940.00 |
| Patrick Almonrode ("PA") | Associate | $300.00 | 6.4 | $1,920.00 |
| Ching-Yuan "Tony" Teng ("TT") | Associate | $200.00 | 20.9 | $4,180.00 |
| Irene Chan ("IC") | Associate | $200.00 | 7 | $1,400.00 |
| Bernardo Valdez ("BV") | Administrative Assistant | $100.00 | 12.7 | $1,270.00 |
| Caitlin Keating ("CK") | Administrative Assistant | $100.00 | 2.3 | $230.00 |
| Christy Weser ("CW") | Administrative Assistant | $100.00 | 2.2 | $220.00 |
| Osmara Suazo ("OS") | Administrative Assistant | $100.00 | 14 | $1,400.00 |
| Rebecca Mahabir ("RM") | Administrative Assistant | $100.00 | 14.8 | $1,480.00 |
| Sueherminia Colon ("SC") | Administrative Assistant | $100.00 | 0.3 | $30.00 |
| Vanessa Reyes ("VR") | Administrative Assistant | $100.00 | 0.5 | $50.00 |
| Wascar Guerrero ("WG") | Administrative Assistant | $100.00 | 0.7 | $70.00 |
| | | TOTAL | 688.2 | $209,490.00 |

In support of their requests, Plaintiffs attached several exhibits, including a declaration from attorney Jason Brown explaining the extensive background and work that the firm spent on this case, a resume listing the firm's qualifications and experience, the firm's time records, the firm's cost records and exhibits supporting their requested hourly rate from a local attorney and an excerpt from Missouri Lawyers Weekly. Plaintiffs also attached an affidavit and time records statement from Anthony Pezzani, local counsel for Engelmeyer & Pezzani.

Defendants do not specifically object to the proposed hourly rates or make any argument for the Court to consider why the hourly rates are unreasonable using

5

the proper analysis pursuant to lodestar, but generally objects to the overall total amount of money requested. Defendants also objects to the amount of hours Plaintiffs submit they spent on the case, stating the hours are excessive and their overall success does not merit the amount requested.

The Court must first calculate the lodestar by "multipl[ying] the number of hours worked by the prevailing hourly rate." *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 855 (8th Cir. 2021). When assessing the reasonableness of an hourly rate, the Court considers "the ordinary fee for similar work in the community." *Drake v. Steak N Shake Operations, Inc.*, No. 14-1535, 2019 WL 2075895, *3 (E.D. Mo. 2019), quoting *Shakopee v. Mdewakanton Sioux Cmty. v. City of Prior Lake, Minn.,* 771 F.2d 1153, 1160 (8th Cir. 1985). A search of FLSA cases in this district over several years have showed a broad range of hourly rates, supporting Plaintiffs' request for $200-$300 per hour for the services of the associate attorneys and $400 for local counsel attorney Pezzani as a reasonable hourly rate. *See Stockdall v. TG Investments, Inc.*, No. 4:14CV01557 ERW, 2016 WL 4206012, at *1-18 (E.D. Mo. Aug. 10, 2016) (approving an hourly rate of $300 in a one-day bench trial); *Thornton v. Mainline Commc'ns, LLC,* No. 4:12-CV-00479 SNLJ, 2016 WL 687844, at *2 (E.D. Mo. Feb. 19, 2016) (approving hourly rates of $350 and $250 following grant of partial summary judgment); *Raniolo v. Southport*, LLC, No. 4:15CV00601 ERW, 2015 WL 10936741, at *1 (E.D. Mo.

6

Sept. 1, 2015) (approving hourly rates of $350, $275, and $200 following grant of summary judgment); *Van Booven v. PNK (River City), LLC*, No. 4:14-CV-851 CEJ, 2015 WL 3774043, at *5 (E.D. Mo. June 17, 2015) (approving hourly rates of $350 and $300 following settlement by the parties); *Koenig v. Bourdeau Const. LLC, No.* 4:13CV00477 SNLJ, 2014 WL 6686642, at *4 (E.D. Mo. Nov. 26, 2014) (approving hourly rates of $350 and $250 following settlement by the parties); *Risch v. Natoli Engineering Co., LLC,* 2012 WL 4357953, at *4 (E.D. Mo. Sept. 24, 2012) (approving two partners with thirty-years experience their usual $400 hourly rate); and *Betton v. St. Louis County*, 2010 WL 2025333, at *4 (E.D. Mo. May 19, 2010) (approving two partners their usual hourly rates of $450 and $400).

However, the cases do not support Plaintiffs' request for $500 per hour for the services of attorney Brown. The cases finding an hourly rate of $500 reasonable were class action suits involving complex litigation and unique circumstances not found here. *See Sandoval-Osegura v. Harvey Pallets Mgmt. Group, LLC,* No. 4:19-CV-00096-AGF, 2021 WL 2337614, at *2 (E.D. Mo. June 8, 2021) (finding hourly rates of $500 for partners and $350-400 for associates are reasonable in light of prevailing rates in the community in a class action settlement totaling $140,000); *Drake,* 2019 WL 2075895 at *3 (finding hourly rates of $500 and $475 per hour "reasonable" in complex, multi-year litigation case with almost 300 plaintiffs). Therefore, the Court finds a reasonable hourly rate for Brown is

$400, consistent with local counsel attorney Pezzani's hourly rate, prevailing rates in the community, and similar cases.

As to hours expended on the ligation, Plaintiffs seek fees for 688.2 hours for the firm and 3.1 hours for local counsel. Plaintiffs outlined the firm's time records spent in extensive detail, from documenting ten-minute phone calls and emails to hours spent in depositions, necessary travel, conducting legal research and drafting and preparing many motions filed in this case.  Based on the Court's lodestar calculation and its careful review of Plaintiffs' extensive documents outlining the reasons in support for their requested attorneys' fees, the number of hours worked that Plaintiffs have requested are reasonable. Plaintiffs were successful in this litigation as they were awarded actual and liquidated damages for their claim that Defendants failed to include weekend shift differential pay in their calculation of their overtime rates of pay. A case pending for nearly five years, from December 22, 2016 to November 8, 2021, is going to involve an extensive amount of time and labor required, as it did here. Therefore, the Court finds Plaintiffs are entitled to attorneys' fees in the total amount of $203,070.00. This total includes the Court's lodestar calculation adjusting Brown's hourly rate to $400, which now totals $30,640.00 instead of Plaintiffs' original request of $38,150.00. Local counsel also included a $9.50 charge for discovery processing, which will not be included in the attorneys' fee amount as that should have been requested in costs.

**Costs**

Plaintiffs seek costs in the amount of $14,488.73 for data processing, depositions, filing fee, mediation fees, miscellaneous, PACER, postage, *pro hac vice* fees, process server fees, subpoena for payroll records, travel, and LexisNexis. Defendants generally oppose, taking issue with the travel and LexisNexis costs, but do not suggest a specific amount for costs.

"In FLSA cases, costs are not limited to the categories set forth in § 1920 for prevailing parties. Any costs not allowed as taxable costs under § 1920 may be allowed as part of attorney's fees, or nontaxable costs, where there is other statutory authorization. *See Sturgill v. United Parcel Service, Inc.,* 512 F.3d 1024, 1036 (8th Cir. 2008) (holding that reasonable attorney fee includes reasonable out-of-pocket expenses incurred by an attorney, which are normally charged to a fee-paying client including expenses that are not enumerated under § 1920). However, the Eighth Circuit has held that computer-aided research is a component of attorneys' fees and cannot be taxed as an item of taxable or nontaxable costs in addition to the attorneys' fee award. *Standley v. Chilhowee R-IV School Dist.,* 5 F.3d 319, 325 (8th Cir. 1993) (citing *Leftwich v. Harris-Stowe State College*, 702 F.2d 686, 695 (8th Cir. 1983)). '[T]he law of this Circuit is that computer-based legal research must be factored into the attorneys' hourly rate, hence the costs of the computer time may not be added to the fee award.'" *Id. Thornton,* 2016 WL 687844, at *1.

The Court finds that Plaintiffs may recover the costs for data processing, depositions, filing fee, mediation fees, postage, *pro hac vice* fees, process server fees, and subpoena for payroll records, but not costs for miscellaneous, travel, PACER and LexisNexis. Just like the computer-based research expenses for LexisNexis and PACER, the Court finds the travel costs have been adequately factored into the attorneys' hourly rate. The "miscellaneous" cost is vague, and

9

Plaintiff provides no reason to justify these costs. The claimed expenses will be reduced by $7,290.17, which is the total cost amount included for miscellaneous ($38.18), travel ($4,888.72), PACER ($13.50) and LexisNexis ($2,349.77). After these deductions, the Court will award Plaintiffs costs in the amount of $7,198.56.

## Conclusion

Based on the lodestar calculation, the Court finds Plaintiffs' award for attorneys' fees will be awarded in the amount of $203,070.00 for the reasons stated above. The Court also finds Plaintiffs costs will be awarded in the amount of $7,198.56. Therefore, Plaintiffs' Motion will be granted in part and denied in part.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorney Fees and Costs [Doc. No. 138] is **GRANTED in part and DENIED in part** as set forth above.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded attorneys' fees in the amount of $203,070.00 and costs in the amount of $7,198.56 for a total of $210.268.56.

A separate Judgment will accompany this Memorandum and Order.

Dated this 29th day of September, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE