23SL-CC05399

Electronically Filed - ST LOUIS COUNTY - December 19, 2023 - 10:48 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI
GENERAL DIVISION

| | |
|---|---|
| LAURA J. SAGGAR, | ) |
| Plaintiff, | ) |
| v. | ) |
| SONNY S. SAGGAR,<br>Serve:<br>3534 Washington Avenue<br>St. Louis, Missouri 63103 | ) |
| MONICA SAGGAR,<br>Serve:<br>48 Longford Avenue<br>Southall, Middlesex<br>UB1 3QN<br>United Kingdom | ) Cause No. |
| EMERGENCY PHYSICIAN CONSULTANTS, INC.,<br>Serve Registered Agent:<br>A Registered Agent, Inc.<br>8 The Green, Ste. A<br>Dover, DE 19901 | ) |
| TRAN NGUYEN,<br>Serve:<br>1712 Olive Blvd.<br>St. Louis, Missouri 63103 | ) |
| R. JEANETTE BARRINGER,<br>a/k/a Renita J. Barringer<br>Serve:<br>6721 Foxbend Court<br>Florissant, Missouri 63303 | ) |
| MANDI HILL,<br>Serve:<br>4866 Highway D<br>Defiance, Missouri 63341 | ) |

GOVERNMENT EXHIBIT 1

| | |
|---|---|
| 913 LOCUS LLC,<br>Serve Registered Agent:<br>Mandi Hill<br>4866 Highway D<br>Defiance, Missouri 63341<br><br>BERKSHIRE XIAOMI, LLC<br>Serve Registered Agent:<br>Mandi Hill<br>4866 Highway D<br>Defiance, Missouri 63341<br><br>and<br><br>923 LOCUST LLC,<br>Serve Registered Agent:<br>Mandi Hill<br>4866 Highway D<br>Defiance, Missouri 63341<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PETITION FOR FRAUD, CIVIL CONSPIRACY, TO PIERCE THE COROPORATE VEIL AND FOR CONSTRUCTIVE TRUST

COMES NOW Plaintiff Laura J. Saggar and for her action states as follows:

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1. Laura J. Saggar and Sonny S. Saggar were married on September 15, 2001. In 2007, the couple formed a limited liability company named Saggar Holdings, LLC ("Holdings") as a form of liability and asset protection. Sonny informed Laura that Sonny and Laura were equal owners of Holdings. Throughout the marriage, properties were purchased by Holdings with marital funds.

2. Sonny handled all business transactions regarding the real estate investments and business management of their real estate and business holdings during the marriage.

3. On one occasion Sonny told Laura that he had to sell property owned by Holdings at 916 Olive Street to an "out of town investment group" because the property was "under water"

2

4856-3424-3991, v. 1

Electronically Filed - ST LOUIS COUNTY - December 19, 2023 - 10:48 AM

and the income generated from the urgent care he operated there was not sufficient to pay the expenses. Sonny also told Laura that another real estate parcel on Kehrs Mill Road, had to be sold to the current tenant of the property, a psychiatrist, at a "break even" where the psychiatrist assumed the loan against the property because the expenses of the real estate exceeded the income it generated.

4. At the time, Laura believed the information Sonny told her as a married couple and relied on what he told her to be accurate.

5. On January 26, 2023, Sonny filed a dissolution of marriage action in St. Louis County, Case No. 23SL-DR00394.

6. As part of the requirements of filing for divorce, Sonny filed financial statements, signed under oath, which indicated the parties owned minimal property. Thereafter, Laura filed her responsive pleadings and financial statements, under oath, also setting out the parties owned minimal property in reliance on Sonny's representations of the property owned by the parties.

7. However, while Laura was gathering financial information regarding bank accounts, she was provided statements by the bank on 3 loans in the name of Saggar Holdings, which were secured by real estate Sonny told Laura they no longer owned.

8. Laura learned that Sonny purportedly formed a company in Delaware named Emergency Physician's Consultants, Inc. ("EPCI") and listed his sister, Monica Saggar, as EPCI's President.

9. Laura engaged in further discovery which resulted in her learning Sonny made material misrepresentations to her about properties that were supposedly sold and the reasons for the sales; Sonny failed to inform Laura about properties purchased with marital funds; and Sonny failed to inform Laura that he transferred a total of 19 pieces of real estate that were marital

4856-3424-3991, v. 1

assets to EPCI and other companies he controlled or was affiliated with in an effort to conceal the assets from Laura and to defraud her rights as a spouse.

10. Laura's discovery in the divorce proceeding also resulted in her learning that Sonny transferred other business entities and contractual rights to EPCI, along with the resulting income, as well as other liquid assets that were marital assets, into a bank account in the name of EPCI, and these funds were used to purchase additional properties which were titled in the name of EPCI.

11. Individuals, namely R. Jeanette Barringer, Tran Nguyen and Mandi Hill, employed by Sonny or business entities he owned or controlled, were involved in the organization of shell companies as well as the transfer of these properties, including but not limited to signing documents under Sonny's purported authority, in furtherance of the fraud upon Laura.

12. Most of the real estate parcels and business entities, were transferred to EPCI. The only purported shareholder of EPCI is Sonny's sister, Monica Saggar, who lives in the United Kingdom and who has only travelled to the United States a few times in her life.

13. EPCI was incorporated in February of 2022 and although Monica Saggar is purportedly the only owner of EPCI, Sonny controls and directs the business dealings of the Company, including sole control over its only bank account which is located in Missouri.

14. Laura discovered that Sonny transferred at least 19 pieces of real estate, various business entities, and various contractual rights, as well as current and future income and liquidated investment assets, to his sister, the sole owner of EPCI, with no consideration or payment from his sister or EPCI.

4856-3424-3991, v. 1

15. The addresses for the real estate fraudulently and improperly transferred by Sonny and the other defendants to EPCI or other business entities created by Sonny that Plaintiff is aware of at this time is set forth in Exhibit 1 which is attached hereto and incorporated herein by reference.

16. Laura has suffered the loss of valuable real estate, the income generated by the sale or lease of the real estate since it was fraudulently transferred, the loss of appreciation in value of the real estate at issue and other damages caused by the actions of the Defendants as set forth in the Petition.

17. In January of 2023, immediately before filing for divorce from Laura, Sonny withdrew the entire balance of approximately $500,000.00 from a Robinhood investment account, titled in his personal name, and deposited those funds into the bank account that he solely controls, in the name of EPCI. Laura was unaware Sonny had a Robinhood account that held investment funds. Approximately 30 days later, $1,500,000.00 was used from the funds in that bank account in the name of EPCI, to purchase a building, which was then titled in the name of EPCI.

18. Several of the real estate parcels Sonny transferred are the subject properties of long-term leases which Sonny also assigned or transferred to EPCI, with no consideration.

19. The funds used by EPCI for purchases of additional real estate were funds EPCI received from the sale of marital assets and income generated from marital assets that Sonny fraudulently transferred to EPCI.

20. As of the date of filing of this Petition, neither Sonny Saggar nor Monica Saggar, has taken any action to restore the real estate to the marital estate or to account for the damages that Laura has suffered as a result of Defendants' actions.

4856-3424-3991, v. 1

## Parties and Jurisdiction

21. Plaintiff Laura J. Saggar is an adult individual residing in St. Louis County, Missouri. She is the current spouse of Sonny Saggar and the sister-in-law of Monica Saggar.

22. Defendant Sonny Saggar is an adult individual residing in St. Louis County, Missouri.

23. Defendant Monica Saggar is an adult individual residing in London, England.

24. Defendant Emergency Physician Consultants, Inc. is a purported Delaware corporation allegedly wholly owned by Defendant Monica Saggar.

25. Defendant Tran Nguyen is an adult individual residing in St. Louis County, Missouri. To the best of Plaintiff's information, knowledge and belief, Defendant Nguyen holds himself out as Chief Financial Officer of EPCI.

26. Defendant R. Jeanette "Renita" Barringer is an adult individual residing in St. Louis, Missouri. To the best of Plaintiff's information, knowledge and belief, Renita is a former employee of Sonny Saggar and a current employee of EPCI.

27. Defendant Mandi Hill is an adult individual residing in St. Louis, Missouri. To the best of Plaintiff's information, knowledge and belief, Defendant Hill was a former employee of a company owned and controlled by Sonny Saggar.

28. Defendant 913 Locus, LLC ("913 Locus"), LLC is a Missouri limited liability company, believed to be owned and controlled by Sonny Saggar which has held property transferred to it by or for Sonny.

29. Defendant Berkshire Xiaomi, LLC ("Xiaomi"), is a Missouri limited liability company believed to be owned and controlled by Sonny Saggar which has held property transferred to it by or for Sonny.

4856-3424-3991, v. 1

30. Defendant 923 Locust, LLC ("923 Locust") is a Missouri limited liability company believed to be owned and controlled by Sonny Saggar which has held property transferred to it by or for Sonny.

31. The tortious conduct committed by Defendants, the purported transaction of business involving Missouri real estate, and the purported contracts entered into involving Missouri real estate all occurred in St. Louis, Missouri, and the damage caused to and sustained by Plaintiff has occurred in St. Louis County, Missouri. This court has jurisdiction over the parties pursuant to §506.500 R.S.Mo. and venue is proper in St. Louis County.

### Count I – Fraud Against All Defendants

32. Plaintiff incorporates the allegations contained in all the preceding paragraphs as though fully set forth herein.

33. Defendant Sonny Saggar must return any and all property to the marital estate that was transferred with the intent to defraud Plaintiff and in an attempt to shield those assets from the dissolution of marriage action.

34. Defendant Monica Saggar must return any and all property to the marital estate that was transferred with the intent to defraud Plaintiff and in an attempt to shield those assets from the dissolution of marriage action.

35. Defendant Emergency Physician Consultants, Inc. must return any and all property to the marital estate that was transferred with the intent to defraud Plaintiff and in an attempt to shield those assets from the dissolution of marriage action.

36. Defendant Tran Nguyen must return any and all property to the marital estate that he transferred with the intent to defraud Plaintiff and in an attempt to shield those assets from the dissolution of marriage action.

4856-3424-3991, v. 1

37. Defendant R. Jeanette Barringer must return any and all property to the marital estate that she transferred with the intent to defraud Plaintiff and in an attempt to shield those assets from the dissolution of marriage action.

38. Defendant Mandi Hill must return any and all property to the marital estate that she transferred with the intent to defraud Plaintiff and in an attempt to shield those assets from the dissolution of marriage action.

39. Defendant 913 Locus, LLC must return any and all property to the marital estate that was transferred with the intent to defraud Plaintiff and in an attempt to shield those assets from the dissolution of marriage action.

40. Defendant 923 Locust, LLC must return any and all property to the marital estate that was transferred with the intent to defraud Plaintiff and in an attempt to shield those assets from the dissolution of marriage action.

41. Defendant Berkshire Xiaomi, LLC must return any and all property to the marital estate that was transferred with the intent to defraud Plaintiff and in an attempt to shield those assets from the dissolution of marriage action.

42. Upon information and belief, Defendants cooperated together in transferring millions of dollars of marital real estate and other assets owned by Saggar Holdings, LLC into the name of EPCI and other entities, controlled by Sonny Saggar, in an effort to defraud Plaintiff of her marital interests in the value of these assets and to assist Sonny Saggar in these fraudulent efforts.

43. Sonny Saggar took these actions with the support of the Defendants in a scheme to benefit Sonny Saggar to the harm and detriment of Laura J. Saggar.

4856-3424-3991, v. 1

Electronically Filed - ST LOUIS COUNTY - December 19, 2023 - 10:48 AM

44. Sonny Saggar took action to transfer real estate, business entities, income and revenue out of the marital estate without the knowledge, consent or authority of Laura J. Saggar, his spouse and equal owner of Saggar Holdings, LLC.

45. Sonny Saggar made representations to Laura J. Saggar that certain items of real estate and other business entities were sold to unrelated third parties including an alleged Russian business group.

46. The representations made by Sonny Saggar to Laura J. Saggar regarding these transactions were false and they were material.

47. Sonny Saggar had a duty and obligation to Laura J. Saggar as his wife and as an equal owner of Saggar Holdings, LLC to inform her of his conduct and actions transferring the real estate and business entities out of Saggar Holdings, LLC and the marital estate. Sonny lied or otherwise failed to inform Laura J. Saggar of this conduct and concealed his actions from Laura J. Saggar.

48. Sonny Saggar knew that his representations were false and knew that his failure to inform Laura J. Saggar was a violation of his obligations and duties to her.

49. Laura J. Saggar relied on the representations made by Sonny regarding the transactions and her reliance on Sonny's representations was reasonable.

50. As a result of Sonny Saggar's false representations and fraudulent omissions, Laura J. Saggar has been damaged.

WHEREFORE, Plaintiff prays for judgment under Count I against Defendants, jointly and severally, for all damages incurred by Plaintiff, yet to be finally determined, but believed to be in excess of $6,000,000.00; for her costs incurred and for such further relief to the Plaintiff as the Court deems just and proper.

4856-3424-3991, v. 1

## Count II – Civil Conspiracy Against All Defendants

51. Plaintiff incorporates the allegations contained in all the preceding paragraphs as though fully set forth herein.

52. Defendants took possession of the real estate owned by Sonny Saggar, Saggar Holdings, LLC or other business entities owned by Sonny Saggar, with the knowledge and agreement that Sonny Saggar was concealing the assets from his wife, and he was attempting to defraud Laura from her marital interest in the property and assets.

53. The Defendants conspired together to commit fraud and other unlawful acts against Plaintiff.

54. Defendants took actions together with the knowledge that the real estate and other assets were being transferred for inadequate consideration or for no consideration and that the purported transactions were in fraud of Plaintiff's rights.

55. The actions by Defendants are unlawful and the Defendants have reached an agreement between them to commit the unlawful acts.

56. Plaintiff has been damaged by the unlawful actions done by Defendants.

57. Defendants' actions have been outrageous with malice and reckless indifference to the rights of Plaintiff.

WHEREFORE, Plaintiff prays for judgment under Count II against Defendants, jointly and severally, for all damages incurred by Plaintiff, yet to be finally determined, but believed to be in excess of $6,000,000.00; for her costs incurred and for such further relief to the Plaintiff as the Court deems just and proper.

4856-3424-3991, v. 1

Electronically Filed - ST LOUIS COUNTY - December 19, 2023 - 10:48 AM

## Count III – Disregarding the Corporate Entities Against All Defendants

58. Plaintiff incorporates the allegations contained in all the preceding paragraphs as though fully set forth herein.

59. Defendant Sonny Saggar controls, solely influences, completely dominates all operations and aspects, and is believed to own EPCI, 913 Locus, Berkshire Xiaomi, 923 Locust, such that these companies are an alter ego of Defendant Sonny Saggar.

60. Defendant Sonny Saggar used his control over the other Defendants to facilitate the unlawful acts and fraud that has damaged Plaintiff.

61. The Defendants have each cooperated with Sonny Saggar's actions in an attempt to conceal assets from Plaintiff.

62. The Defendants have each taken actions at the behest of Sonny Saggar with the knowledge that the Defendants were committing unlawful and fraudulent acts.

63. Each Defendant's actions described herein were done for an improper purpose and in reckless disregard for the rights of Plaintiff.

64. As a direct and proximate result of Defendants' actions described herein, Plaintiff has suffered damages.

65. Plaintiff will suffer a significant injustice if this Court does not disregard the corporate form of the corporate Defendants.'

66. This Court should disregard the corporate entity of EPCI, 913 Locus, Xiaomi and 923 Locust and hold Defendants Sonny Saggar, Monica Saggar, Tran Nguyen, R. Jeanette Barringer, and Mandi Hill personally liable for the damages that they have caused Plaintiff.

WHEREFORE, Plaintiff prays for judgment under Count III of this Petition against all Defendants, jointly and severally, for all damages incurred by Plaintiff, yet to be finally

4856-3424-3991, v. 1

determined, but in excess of $6,000,000.00 together with all costs, pre and post judgment interest, and for such further relief to Plaintiff deemed just and proper by the Court.

### Count IV – Constructive Trust Against All Defendants

67. Plaintiff incorporates the allegations contained in all the preceding paragraphs as though fully set forth herein.

68. Because of the fraudulent conduct of the Defendants, any property transferred by the Defendants in fraud of Plaintiff's rights must be held in constructive trust to prevent fraud and injustice to Plaintiff, and the persons or parties that have acquired the property wrongfully must be ordered to restore the property to Plaintiff.

69. To avoid further injustice and unjust enrichment, any person or party that has wrongfully acquired property in fraud of Plaintiff's rights must be ordered to relinquish title to the property to Plaintiff.

WHEREFORE, Plaintiff prays that the Court grant Plaintiff constructive trusts on all real estate fraudulently and wrongfully transferred by the Defendants and that any party or person that is wrongfully retaining the property be ordered to transfer all right, title and interest to Plaintiff and for such further relief to Plaintiff as the Court deems just and proper.

4856-3424-3991, v. 1

STATE OF MISSOURI           )
                            ) SS.
COUNTY OF ST. LOUIS         )

    The undersigned, being duly sworn upon her oath, deposes and states that the facts and matters stated in the foregoing Petition are true and correct according to her best information, knowledge and belief.

_____
LAURA J. SAGGAR, Plaintiff

Subscribed and sworn to before me this __15th__ day of __December__, 2023.

_____
Notary Public

My commission expires:

JOLENE M. DIXON
Notary Public - Notary Seal
St Louis County - State of Missouri
Commission Number 16683525
My Commission Expires Oct 15, 2025

PAULE, CAMAZINE & BLUMENTHAL
*A Professional Corporation*

By: _____
David M. Slaby, MBE# 48035
Lisa. G. Moore, MBE# 50386
165 N. Meramec Ave., Suite 110
St. Louis, MO  63105
Telephone: (314) 727-2266
Facsimile: (314) 727-2101
dslaby@pcblawfirm.com
lmoore@pcblawfirm.com
*Attorneys for Plaintiff*

# EXHIBIT 1-REAL ESTATE TRANSFERRED

1. 807-809 N. 2nd St., St. Louis, MO 63102

2. 507 N. 13th, St. Louis, MO 63103

3. 703 N. 13th, St. Louis, MO 63103

4. 76 Hilltop Village Center, Eureka, MO 63025

5. 774 Hodiamont, Ave, St. Louis, MO 63112

6. 1423-25 Hodiamont Ave., St. Louis, MO 63112

7. 913 Locust St., St. Louis, MO 63101

8. 923 Locust St., St. Louis, MO 63101

9. 2201 Locust St., St. Louis, MO 63103

10. 916 Olive St., St. Louis MO 63101

11. 1000-1002 Olive St., St. Louis MO (also known as 217 N. 10th, St., St. Louis MO 63101)

12. 1108 Olive St., St. Louis, MO 63101

13. 1100 Olive St., St. Louis, MO 63101

14. 1710-1714 Olive St., St. Louis MO 63103

15. 5832-36 Martin Luther King Dr., St. Louis, MO 63112

16. 5842-44 Martin Luther King Dr., St. Louis, MO 63112

17. 5846054 Martin Luther King Dr., St. Louis, MO 63112

18. 7400 Michigan Ave., St. Louis, MO 63111

19. 3534 Washington Ave., St. Louis, MO 63103

20. 2785 Kehrs Mill Rd., St. Louis, MO 63017

21. 3413 Mississippi, Cahokia IL 62206

22. 6550 Progress Parkway, Cedar Hill, MO 63016

23. 2021 Johnson Rd. Granit City, IL 62040

Electronically Filed - ST LOUIS COUNTY - December 19, 2023 - 10:48 AM