UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 4:23-CR-00380-SRC-PLC |
| ) | |
| SONNY SAGGAR, M.D., ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S MOTION REGARDING THE FILING OF PRETRIAL MOTIONS

COMES NOW Defendant, Sonny Saggar, M.D. ("Defendant"), through undersigned counsel, and moves to set a deadline for response to Defendant's Motion to Dismiss (Doc. 85) in advance of the response deadline set for all pretrial motions. In support of this Motion, Defendant states the following:

Defendant has filed a Motion to Dismiss on January 2, 2024, and a new deadline for pretrial motions is now set on March 18, 2024, with the Government's response due two weeks after that time, on April 1, 2024. Defendant has, this week, been able to process multiple drives of discovery received from prior counsel, with more than one-and-a-half-million pages of Bates-stamped discovery, so that counsel can begin to review those discovery pages and determine what pretrial motions are necessary and appropriate here. As Defendant continues review of those materials, it may be the case that counsel will request additional time for review and drafting of pretrial motions in this case.

Defendant seeks a fixed early response date for the Government for Defendants' Motion to Dismiss Indictment/Counts and Memorandum in Support, Doc. 85, which was filed on

1

January 2, 2024, similar to the early response dates previously granted with respect to other motions raising predominantly legal issues in this case.

Defendant believes that his January 2, 2024, motion raises what is purely a legal argument that will not require the resolution of any factual issues[1] and that unlike most pretrial motions, it is a matter which can be addressed without oral argument. The motion also addresses a key component of the allegations and charges in the Indictment – whether the information provided to the grand jury erroneously and fundamentally represented to the grand jury the involvement of Defendants in billings made to Medicare and Medicaid, which were in fact submitted to Medicare and Medicaid by an outside company.

Were the Court to agree with Defendants and determine that this Court's supervisory power should be used to dismiss the indictment because of this conduct occurring before the grand jury and that this error "substantially influenced the grand jury's decision to indict" or raises "grave doubt [whether] the decision to indict was free from the substantial influence of such violations," an early resolution of the matter would be likely to impact, or potentially obviate the need for, other pretrial motions. *See Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988). For these reasons, Defendant submits the matter should be addressed before the deadline for pretrial motions, and that waiting until the beginning of April 2024 runs the real risk of further delaying progress on allowing Defendant to have his day in court.

---

[1] As the Motion notes, the only factual issue raised by the motion is that, "[f]or all relevant times in the Indictment, Ms. Barringer had no responsibility for submitting bills to Medicare or Medicaid, or to anyone else" and instead "had long ago engaged an outside billing service to handle all of its billing, whether to governmental agencies or private insurance companies." As the Motion further notes, Defendant expects "that the Government will readily acknowledge this flaw in the Indictment (and though raised in other pleadings, it has never refuted it), leaving a purely legal question to be resolved. (Doc. 85, at 2, 4).

2

WHEREFORE, Defendant seeks an order which sets an early deadline, approximately three to four weeks from the date of this motion, for the Government to file its response to Defendant's Motion to Dismiss (Doc. 85).

Dated: February 8, 2024                                           Respectfully submitted,

                                                **ROGERS SEVASTIANOS & BANTE, LLP**

By:  */s/ John P. Rogers*
      John P. Rogers, #38743MO
      Attorney for Defendant Saggar
      120 S. Central Avenue, Suite 160
      Clayton, MO  63105
      (314) 354-8484/Facsimile
      (314) 354-8271
      jrogers@rsblawfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 8, 2024, a copy of the foregoing was filed electronically via this Court's CM/ECF system, and therefore served on all parties of record.

                                                        /s/ *John P. Rogers*