UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:23-CR-00380-SRC-PLC |
| | ) | |
| v. | ) | |
| | ) | |
| SONNY SAGGAR, M.D., and | ) | |
| RENITA BARRINGER, | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES OF AMERICA'S
## MEMORANDUM IN OPPOSITION OF DEFENDANT
## SAGGAR'S MOTION REGARDING THE FILING OF PRETRIAL MOTIONS

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Amy E. Sestric and Cort A. VanOstran, Assistant United States Attorneys for said District, and opposes Defendant Sonny Saggar, M.D.'s Motion Regarding the Filing of Pretrial Motions (ECF No. 111), which effectively seeks yet a third, staggered pretrial motion briefing schedule, which would undermine judicial economy and compromise the efficiency of the litigation.

### The Indictment

On July 26, 2023, a federal grand jury charged Sonny Saggar, M.D. ("Saggar") and Renita Barringer ("Barringer") with one count of conspiracy (in violation of 18 U.S.C. § 371) and eight counts of making false statements related to health care matters (in violation of 18 U.S.C. §§ 1035 and 2). Specifically, the Indictment (ECF No. 1) charges Saggar, a medical doctor, and Barringer, his office manager, with making fraudulent misrepresentations to Medicare and Missouri Medicaid in claims for services arising out of their Creve Coeur and downtown St. Louis urgent care facilities. (Indictment, ECF No. 1 ¶¶ 1-2, 29, 37, 42.) Broadly speaking, the Indictment alleges

that Saggar and Barringer hired inadequately trained and unsupervised "assistant physicians" or "APs"—*i.e.* medical school graduates who have not completed a residency program—and then billed for those APs' services as if Saggar himself had performed them, even when Saggar was out of town. (Indictment, ECF No. 1 ¶¶ 4, 29, 37.)

## Relevant Background Regarding the Filing of Pretrial Motions

Since being indicted, Saggar has filed myriad motions and requests pertaining to both substantive matters (*i.e.* early pretrial motions and discovery filings) and non-substantive matters (*i.e.* varying requests to relax numerous conditions of his bond). In September 2023, over a month before his pretrial motions were due, Saggar moved to strike certain portions of the Indictment (ECF No. 47) and to dismiss the case, arguing that the Indictment is a "nullity" because the probable cause standard for federal grand jury indictments should not apply (ECF No. 49), despite Supreme Court precedent holding the opposite. In October, Saggar moved for expedited briefing on these motions, contending it was "patently unfair that there is a pending legal argument that the indictment is in fact a nullity while [the defendants] are being saddled with all the constraints of being on bond . . . ." (Defs.' Mot. Regarding the Filing of Pretrial Motions, ECF No. 51, at 2.)

The Government objected to Saggar's request for expedited briefing on the basis that it would create a piecemeal approach to pretrial motions. (United States' Resp. to Defs.' Mot. Regarding the Filing of Pretrial Motions, ECF No. 52, at 2.) The Court held a status conference on October 31, 2023, at which it noted that the two then-pending motions raised purely legal issues and granted Saggar's request for expedited briefing. The Court further ordered that, "[w]ith respect to any additional pretrial motions filed," the Government would have until two weeks after the pretrial motion deadline to respond. (Order, ECF No. 61, at 2-3.)

As a result, Saggar's motion to strike and to dismiss the Indictment were fully briefed. The Court subsequently recommended both be denied in their entirety.[1] (*See* Report & Recommendation, ECF No. 80.) In the interim, however, Saggar filed yet another early pretrial motion, this time arguing that the Indictment should be dismissed based on alleged misrepresentations made to the grand jury. (*See* Defs.' Mot. to Dismiss & Mem. in Supp., ECF No. 85.) Under the Court's operative Order setting pretrial motion deadlines, the Government must respond to that motion no later than April 1, 2024. Saggar now seeks an expedited response to that motion, too.

### Additional Expedited Briefing Undermines Judicial Economy

The Court should deny Saggar's most recent demand for more staggered briefing schedules. If the Court grants Saggar's request for expedited briefing on his second motion to dismiss, there will be three separate sets of pretrial motion deadlines in this case: (1) one set of deadlines for the first motion to dismiss and the motion to strike; (2) a second set of deadlines for the currently pending motion to dismiss; and (3) and a third set of deadlines for any pretrial motions that Saggar files on or before the current pretrial motion deadline of March 18, 2024. The Government anticipates that such motions could, in turn, result in at least three staggered sets of objections for the District Judge to decide, as well. For reasons of judicial economy, the Government asks the Court to deny Saggar's motion for additional expedited briefing on his currently pending motion to dismiss, and to find that all future pretrial motions deadlines should remain set as a whole.

---

[1] Saggar has objected to the rulings on both motions. The objections are currently fully briefed and pending before the District Judge.

3

Moreover, unlike the motion to strike and the first motion to dismiss, which raised legal issues, the currently pending motion to dismiss is based on a factual dispute. That is, Saggar argues that, contrary to the allegations in the Indictment, "Ms. Barringer had no responsibility for submitting bills to Medicare or Medicaid, or to anyone else for that matter." (Defs.' Mot. to Dismiss & Mem. in Supp., ECF No. 85, at 2.) Saggar acknowledges this factual dispute, but makes the unsupported assumption that the Government will agree with his view of the facts. (Def.'s Mot. Regarding the Filing of Pretrial Motions, ECF No. 111, at 2 n.1.)

However, the Government does not agree that Barringer (or Saggar, for that matter) "had no responsibility" for billing by the urgent care clinics at which she served as the office manager (and at which Saggar was the president). Rather, this issue—which Saggar concedes is a factual one—will be addressed by the jury at trial, at which the United States intends to present evidence showing Barringer (and Saggar) not only knew the exact fraudulent manner of the billing, but actively participated in and directed billing processes. Thus, the currently pending motion to dismiss, unlike the first motion to dismiss and the motion to strike, hinges on a contested issue of fact, underscoring that expedited briefing is not in the interest of judicial economy.

The Government understands that discovery is voluminous, and that Saggar has recently retained new counsel who needs time to review the records. The United States, of course, intends to accommodate new counsel's reasonable needs in that regard. To the extent Saggar is arguing, however, that the volume of discovery warrants staggered, expedited briefing schedules, the Government disagrees. Of the approximately 1.46 million pages of Bates-stamped documents produced, 1.45 million of those pages came directly from Saggar's own electronic medical records and a desktop computer at his clinic. Certainly, Saggar himself is well positioned to aid his counsel

in quickly understanding and processing that information.  In short, discovery does not serve as a basis for expedited, piecemeal briefing.

### Conclusion

For all of the foregoing reasons, the United States respectfully requests that the Court **DENY** Defendant's Motion Regarding the Filing of Pretrial Motions (ECF No. 111) and find that all future pretrial motions deadlines should remain set as a whole.

Date:   February 19, 2024                     Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


*/s/ Amy E. Sestric*
AMY E. SESTRIC, #66219MO
CORT A. VANOSTRAN, #67276MO
Assistant United States Attorneys

5

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all Counsel of Record.

*/s/ Amy E. Sestric*
AMY E. SESTRIC, #66219MO
Assistant United States Attorney