UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 4:23-CR-00380-SRC |
| ) | |
| v. ) | |
| ) | |
| SONNY SAGGAR, M.D., ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES OF AMERICA'S
RESPONSE TO DEFENDANT SONNY SAGGAR, M.D.'S MOTION
TO REMAIN ON BOND UNDER PRETRIAL SUPERVISION PENDING SENTENCING**

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Amy E. Sestric, Assistant United States Attorney for said District, and responds to Defendant Sonny Saggar, M.D.'s Motion to Remain on Bond under Pretrial Supervision Pending Sentencing (ECF No. 152):

1. This matter is set for a change-of-plea hearing on August 15, 2024. Defendant Sonny Saggar, M.D. ("Defendant") intends to plead guilty to one count of conspiracy in violation of 18 U.S.C. § 371. (*See* Defs.' Mot. to Remain on Bond under Pretrial Supervision Pending Sentencing ("Defs.' Mot."), ECF No. 152, ¶ 1.) The offense to which Defendant is pleading is not one that requires mandatory detention. 18 U.S.C. §§ 3142(f)(1)(A)–(C), 3143(a)(2). Therefore, Defendant must be detained unless the United States Sentencing Guidelines do not recommend a term of imprisonment or Defendant proves by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or (c). 18 U.S.C. § 3143(a)(1).

2. As this Court has already found, Defendant, who is a citizen of the United Kingdom where he has substantial familial ties, is a flight risk. (Jan. 31, 2024 Order, ECF No. 103, at 14.) This Court has detailed the myriad reasons for this conclusion, including Defendant's deteriorating ties to this community, his growing list of actual and potential liabilities in the United States, and his own written statements describing his desire to leave this country and his willingness to relinquish child custody. (*Id.* at 15–16.) Further, this Court has acknowledged the extensive time, resources, and difficulties that would arise in the event Defendant flees and the Government must enforce extradition. (*Id.* at 18.)

3. While the United States agrees with Defendant that he has incurred minimal violations while on bond (Defs.' Mot., ECF No. 152, ¶ 2), it disagrees with Defendant that his compliance is sufficient to reassure the Court regarding his appearance at this late stage of litigation, when the stress of possible impending incarceration is likely to become most intense. Though Defendant claims his employment as a doctor ties him to this community (*id.*), he has previously indicated his willingness to live a "simpler life" and has acknowledged the possibility of giving up his career as a physician or returning to the United Kingdom where he believes he would be welcomed as an emergency room physician. (Jan. 31, 2024 Order, ECF No. 103, at 10–11.)

4. The Government's concerns are not purely historical. Since Defendant was placed on bond, the FBI has received seven alerts from the United States Customs and Border Patrol that Defendant had booked flights to London, which he then canceled (typically less than 24 hours before scheduled to depart). Although one of these instances occurred during the pendency of the appeal of Defendant's formal request to travel to London, the rest did not, with the most recent flights booked for departure to London on or about June 22, 2024.

5.     Given this Court's previous findings regarding the various reasons Defendant qualifies as a flight risk, the troubling flights to London that Defendant booked while on bond, as well as the growing incentive to flee as a sentencing date nears, the United States believes that Defendant cannot prove by clear and convincing evidence that he is not likely to flee if released and, accordingly, detention pursuant to 18 U.S.C. § 3143(a)(1) is appropriate in this case.

WHEREFORE, the United States respectfully requests that the Court **DENY** Defendant Sonny Saggar, M.D.'s Motion to Remain on Bond under Pretrial Supervision Pending Sentencing (ECF No. 152).

Date:  August 9, 2024                          Respectfully submitted,

                                               SAYLER A. FLEMING
                                               United States Attorney


                                               */s/ Amy E. Sestric*
                                               AMY E. SESTRIC, #66219MO
                                               Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all Counsel of Record.

                                               */s/ Amy E. Sestric*
                                               AMY E. SESTRIC, #66219MO
                                               Assistant United States Attorney